# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PREMERA BLUE CROSS, on behalf of itself and
all others similarly situated,

                    Plaintiff,

     vs.

TAKEDA PHARMACEUTICAL COMPANY
LIMITED, TAKEDA PHARMACEUTICALS
U.S.A., INC., and TAKEDA
PHARMACEUTICALS AMERICA, INC.,

                  Defendants.

Civil Action No. 1:23-cv-11254

## STIPULATED PROTECTIVE ORDER

WHEREAS during the course of the above-captioned litigation (the "Action" or this "Litigation"), the parties and non-parties may be subject to discovery requests and/or proceedings which seek the disclosure of information considered by Parties (as defined below) or any non-Parties to be confidential and/or proprietary; and

WHEREAS the parties wish to preserve the confidentiality of such information through the use of a Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c); and

WHEREAS such confidential information must be protected to preserve the legitimate business interests of the Parties and non-parties; and

WHEREAS, the Court finds that good cause exists for entry of this Stipulated Protective Order in the Action to prevent the unauthorized disclosure and use of any Party or non-Party's trade secrets and other confidential information during and after the course of this Litigation,

IT IS THEREFORE HEREBY ORDERED AND AGREED AS FOLLOWS:

## I.    MATERIALS COVERED

1.    This Stipulated Protective Order governs the handling of Confidential Information—i.e., information designated as "Confidential" (as defined below)—and applies to

1

all materials produced, given, or exchanged by any Party or non-Party (the "Producing Party" or "Producing Non-Party") in the Action (including, without limitation, document productions, responses to interrogatories and requests for admissions, and/or responses to subpoenas, pleadings, expert reports, exhibits, depositions, or other testimony), regardless of the medium or manner in which the materials are generated, stored, or maintained. This includes any material produced, filed, or served by any Producing Party or Producing Non-Party during discovery in this Action or any information included in any materials. The plaintiff[1] and the defendant,[2] as well as their officers, directors, current employees, former employees, agents, and legal counsel, are referred to collectively as the "Parties" and individually as the "Party." Any Producing Party or Producing Non-Party may, based on a good-faith belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, designate all or any part of a document, discovery response, deposition, or other material that they produce, serve, or provide in connection with the Action as "Confidential Material" as described below. The designation of any material as Confidential will constitute a representation by a Producing Party or Producing Non-Party that it has made a good-faith determination that any material so designated is confidential or protected under Federal Rule 26 and this Stipulated Protective Order. In no event shall a Producing Party or Producing Non-Party automatically designate every document produced as "Confidential."

---

[1] "Plaintiff" refers Premera Blue Cross and any other plaintiffs whose complaints are later consolidated in the Action.

[2] "Defendants" refers to all current defendants in the Action, including Takeda Pharmaceutical Company Ltd., and Takeda Pharmaceuticals U.S.A., Inc., and any defendants subsequently added to the Action.

2.    **"Confidential Material"** means material the Producing Party or Producing Non-Party (the "Designating Party") considers in good faith: (i) to be private or confidential information and nonpublic material that is or relates to confidential research, development, or commercial information under Fed. R. Civ. P. 26(c)(1)(G); or (ii) to contain information the Producing Party believes in good faith to be of a highly sensitive nature, including, but not limited to, commercial, financial or personal information that the Producing Party has maintained in confidence, including information concerning future market plans or market direction or material required by law or agreement to be kept confidential. Confidential Material includes information that a Designating Party received in confidence from third parties, so long as the Designating Party has a good-faith belief that the information is entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

3.    Notwithstanding the foregoing, information that is in the public domain or which is already known by the Party receiving the material (the "Receiving Party") through proper means or which is or becomes available to a Party from a source other than a Designated Party or a third party asserting confidentiality, rightfully in possession of such material on a non-confidential basis, will be presumed to be non-confidential material under this Stipulated Protective Order.

4.    Any Confidential Material or materials derived from Confidential Material, whether or not filed with the Court, must be designated as "CONFIDENTIAL" as provided in this paragraph C. For documents in hard-copy form or modifiable electronic format, such designation must be designated as "CONFIDENTIAL" by stamping each page of the document in such a way as not to obscure any part of the text or content. A Producing Party or Producing Non-Party may designate natively produced electronic documents and other non-imaged media as "CONFIDENTIAL," as appropriate, by noting such designation in an accompanying cover letter

(i.e., placeholder) and, to the extent possible, by affixing a legend or stamp to the media itself (i.e., disc, hard-drive, etc.) on which the Confidential Material is provided, and including the appropriate confidentiality designation in the load file provided with the electronic production. Whenever any Party to whom electronically stored documents reduces such documents to hardcopy form, that Party shall designate the hard-copy documents with a legend, stamp, or watermark as provided in this Paragraph.

5.      Deposition testimony provided in this Litigation may be designated as Confidential Material by any Party or Non-Party if the testimony concerns or relates to that Party's or Non-Party's Confidential Material. Counsel desiring to designate any portion of testimony as Confidential Material may do so by stating orally on the record on the day that the testimony is being given. If a Designating Party in good faith indicates by oral designation that Confidential Material will be used or elicited during a line of questioning, the Designating Party may request that the portion of the deposition be taken only in the presence of persons that are entitled to access Confidential Material under this Stipulated Protective Order, which includes the deponent's counsel (if any). Additionally, any Party or Non-Party may designate as Confidential any or all portions of the transcript and/or video of any deposition that contains Confidential Material by notifying all other Parties in writing, within thirty (30) days of receipt of the transcript and/or video that contains Confidential Material and designating the specific pages and/or lines as containing Confidential Material. Confidentiality designations of transcripts will apply to audio, video, or other recordings of testimony. All transcripts and/or videos must be treated on an interim basis as Confidential Material and subject to this Stipulated Protective Order if designated as such at the time of the deposition until a time thirty (30) days after a final, official (non-draft) transcript or video of the deposition (or other testimony) and confidentiality designations are received. Until

4

the thirty-day period has expired, counsel will not permit the deposition transcript, including exhibits, to be distributed to persons beyond those specified in Paragraph III, other than the deponent, and shall treat the deposition as Confidential Material under this Stipulated Protective Order. If, before the expiration of the thirty-day period, a Party wishes to file any motion or pleading that will include reference to, or attach as exhibits, any portion of the deposition transcript or confidential exhibits thereto, the Party shall treat the transcript or confidential exhibits as Confidential Material. Any portion of any deposition testimony that is not designated as Confidential Material in accordance with Paragraph I hereof, within thirty (30) days after a final, official (non-draft) transcript and/or video of the deposition are received, shall not be entitled to the protections afforded under this Stipulated Protective Order absent a showing of good cause for the untimely designation of such material as Confidential Material. Assuming that the court reporter/stenographer has the means of doing so, the Parties agree that the following legend may be placed on the front page of each transcript that contains Confidential Material:  "Confidential information contained on page(s) ___." Such legend (and accompanying treatment) will apply only to the specific pages (or portions of pages) that have been so designated, and not the entire transcript. Any video cassettes (or other storage media) containing Confidential testimony may be so designated in accordance with the provisions of this Stipulated Protective Order. For oral disclosures of Confidential Material other than deposition testimony, a Party or Non-Party may, in writing, within ten (10) business days of the disclosure, designate the disclosure, or part(s) thereof, as Confidential Material.

6.     Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any Expert reports, any filings, and any other materials from underlying patent litigations involving any of the Parties in this Action, that were

5

designated therein as confidential will be treated as Confidential Material under this Stipulated Protective Order, unless the original party that designated the material as confidential agrees otherwise, the document or information has since become public, or the Court orders otherwise.

7.      Any Confidential Material that was exchanged by the Parties before execution of this Stipulated Protective Order are also covered by the provisions of this Stipulated Protective Order.

8.      Notwithstanding any contrary provision of this Stipulated Protective Order, each Designating Party retains the right to re-designate documents and things, and deposition testimony and other oral disclosures, subject to Paragraph VII. Upon such re-designation, each Party and Non-Party shall in good faith endeavor to treat such written materials and oral disclosures in accordance with such designation from that time forward.

## II.      USE OF MATERIALS AND DECLARATION

9.      The Parties shall use all Confidential Material and information derived from Confidential Material solely, as applicable, in furtherance of the prosecution, defense, or attempted settlement of these or related Action. All materials designated Confidential must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients. Upon conclusion of this Action, a Receiving Party must comply with the provisions of Paragraph VI below regarding return or destruction of Confidential Materials.

10.      Each Receiving Party, except the persons identified in Paragraphs III(A)-(B), (D), (G) below, shall execute a Declaration in the form annexed hereto as Exhibit A and shall agree to be bound by this Stipulated Protective Order before receiving any Confidential Material. Counsel for each Party shall maintain the executed Declarations and need not provide copies to any other

Party, unless there is a genuine dispute between the Parties concerning a person's handling of Confidential Material, or except as expressly provided for herein.

11.     Notwithstanding any contrary provision in this Stipulated Protective Order, a Party is permitted to disclose Confidential Material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this paragraph C are followed. The Party that has received a valid subpoena or other valid legal process (the "Subpoenaed Party") in this Litigation must provide the Designating Party with written notice of such subpoena or other legal process, via electronic mail or hand delivery, immediately upon receipt but in no event later than within five (5) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be a violation of this Stipulated Protective Order. If the Designating Party does not move for a protective order in this Court within the time allowed for production by the subpoena or request and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production of documents or proceed with a deposition in response to the request or subpoena. The Subpoenaed Party will not produce any Confidential Material while a motion for a protective order brought by the Designated Party pursuant to this paragraph is pending or while an appeal from or request for appellate review of such motion is pending, unless a court of competent jurisdiction orders otherwise. In such case, production of Confidential Material pursuant to a court order will not be deemed a violation of this Stipulated Protective Order.

## III.    DISCLOSURE OF CONFIDENTIAL MATERIALS

12.    Unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Confidential Materials, solely in furtherance of the prosecution, defense, or attempted settlement of these or related Actions, may be made only to:

12.1    the Court, its secretaries, clerks, law clerks, and other staff;

12.2    outside counsel of record in the Action and their employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel) (this category hereinafter referred to as "Outside Counsel");

12.3    up to four in-house legal personnel for each Party, whose names are listed on Exhibit B annexed hereto, as well as the secretarial and clerical employees of each Party who work regularly with in-house legal personnel for the sole purpose of assisting with the Action. Should there be a change in the four in-house legal personnel of a Party who may view material designated as Confidential, that Party shall notify all other Parties in writing, either email or hand delivery, no fewer than five (5) days before providing the new in-house personnel with access to Confidential Material;

12.4    court    reporters/stenographers,    court    videographers,    and    similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

12.5    any Expert or consultant (including all Non-Party personnel and support staff assisting such Expert or consultant retained by or for the benefit of any of the Parties in this

8

Action to help counsel in this Action (this category hereinafter referred to as "Experts"), provided that the Expert has executed a Declaration in the form annexed hereto as Exhibit A");

12.6    any mediators engaged by the Parties, and their support staff;

12.7    any person that drafted, received, or previously reviewed the Confidential Material;

12.8    an employee of a Party or a person designated as a Rule 30(b)(6) witness by the Designating Party;

12.9    any deponent or witness to which the Designating Party agrees in advance (through counsel), during the course of, or in preparation for, his/her sworn testimony in the Action; and

12.10   during deposition, or at trial, disclosure of Confidential Materials may be made to witnesses in the action to whom disclosure is reasonably necessary and who have signed Ex. A, unless otherwise agreed upon by the Designating Party or ordered by the Court.

## IV.    REQUESTS TO DISCLOSE CONFIDENTIAL MATERIAL

13.    If a Party seeking to disclose Confidential Material to a person not authorized access to such Confidential Material pursuant to Paragraph III herein provides counsel for the Designating Party with advance written notice, via electronic mail, or hand delivery, at least seven (7) business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of the individual to whom disclosure would be made, counsel for the Designating Party may challenge the proposed disclosure of material pursuant to this provision by providing counsel for the Party seeking disclosure with a written objection, via electronic mail/or hand delivery, within five (5) business days thereafter. If a written objection is made, the Party

9

seeking disclosure shall not proceed with disclosure unless authorized to do so pursuant to the procedures described in Paragraph V below.

## V.    CHALLENGES TO DESIGNATIONS

14.    Receiving Party has no obligation to challenge the propriety of a confidential designation (or re-designation) at the time the designation is made, and a failure to do so will not preclude its right to a subsequent challenge. For the avoidance of doubt, a Receiving Party, by accepting or receiving material designated Confidential, is not admitting or conceding that such material is, in fact, Confidential Material. In the event that a Party disagrees at any time with a Confidential designation made by another Party or a Non-Party, the following procedure shall be used:

15.    The Party disputing a designation of Confidential Material shall, in writing, notify the Producing Party or Producing Non-Party that it is disputing the designation (the "Challenge Notice"). The Challenge Notice shall include the specific: (i) materials in dispute by exact Bates number(s) (or by other identification if Bates number(s) are not on said materials); and (ii) reasons the Party believes the materials are not entitled to Confidential Material treatment under this Stipulated Protective Order or the Federal Rules of Civil Procedure. The Producing Party or Producing Non-Party shall respond in writing within fourteen (14) days of receiving the Challenge Notice and state with particularity the grounds for asserting that the document or information is entitled to Confidential Material treatment under this Stipulated Protective Order or the Federal Rules of Civil Procedure. If the Producing Party or Producing Non-Party does not respond in writing within the allotted fourteen days, the materials will be presumptively determined to be non-confidential and not subject to Confidential Material treatment under this Stipulated Protective Order or the Federal Rules of Civil Procedure absent a showing of good cause for the untimely

response. If the Producing Party or Producing Non-Party makes a timely response, counsel shall then confer in good faith in an effort to resolve the dispute.

16.     If counsel for the Parties are unable to resolve the dispute, the party disputing a designation of Confidential Material must file a motion within fifteen (15) days of the parties reaching an impasse to compel the un-designated disclosure of the document or information previously designated as Confidential Material under this Stipulated Protective Order. The failure of the Party disputing a designation of Confidential Material to timely file such a motion shall result in a waiver of the challenge. The Producing Party or Producing Non-Party will have the burden of proof to establish the propriety of its confidential designation and must make a showing that disclosure of the information is protected under the Federal Rules (or other applicable law) or this Stipulated Protective Order. The document or thing that is the subject of the filing will be treated as originally designated pending resolution of the dispute.

## VI.     HANDLING OF CONFIDENTIAL MATERIALS

17.     Persons who have been shown Confidential Material pursuant to this Stipulated Protective Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such Confidential Material or documents that reflect Confidential Material. Within sixty (60) days after such time as this Action is concluded, by entry of final judgment or final approval of a class settlement, counsel will, at their option, return or undertake commercially reasonable efforts to destroy all Confidential Material (including but not limited to copies in the possession or control of any Expert or employee). As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties shall be entitled, without violating this Stipulated Protective Order, to retain such work product in their files, so long as the terms of this Stipulated Protective Order will continue to

11

govern any such retained materials. In addition, counsel shall be entitled, without violating this Stipulated Protective Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and email), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Material, so long as this Stipulated Protective Order will continue to govern any such retained materials. The Receiving Party's commercially reasonable efforts will not require the return or destruction of materials that: (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; or (iii) are subject to legal hold obligations. Backup storage media need not be restored for purposes of returning or certifying destruction of materials, but any such materials retained in backup storage media will continue to be treated in accordance with this Stipulated Protective Order. The Parties and their respective representatives, attorneys, Experts, consultants, and vendors, including off-site hosting litigation support service providers, are prohibited from restoring such deleted copies, including electronic files, through the employment of "undelete" software and other similar computer forensic techniques, except to the extent required by a disaster recovery program that requires the restoration of data from otherwise inaccessible media. For the avoidance of doubt, nothing in this Paragraph obligates any Party to destroy its own Confidential Material at the close of this Action or at any other time.

## VII. INADVERTENT FAILURE TO DESIGNATE

18. In the event that Confidential Material is produced without having been previously marked "Confidential," the Receiving Party shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality

designation that the Designating Party states should have been affixed to it. The Designating Party must then, within ten days of its written request, or such other time as agreed by the Parties, re-produce the document, paper, or thing with the appropriate confidentiality designation. The Receiving Party shall then replace the incorrectly designated materials with the newly designated materials and shall, within ten days of receipt of the replacement set, return the non-designated material, or confirm in writing that all copies of it have been destroyed. The inadvertent failure of a Producing Party or Producing Non-Party to designate a document as Confidential at the time of production will not operate as a waiver of the rights and protections afforded by this Stipulated Protective Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. No Party will be deemed to have violated this Stipulated Protective Order if, before notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, however, the relevant documents or materials must be treated as Confidential in accordance with this Stipulated Protective Order, and to the extent such material has been disclosed, the disclosing party must take reasonable steps to retrieve the material and/or cease further disclosure. If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Producing Party or Producing Non-Party that failed to make the designation will, at its discretion, move for appropriate relief.

## VIII.  INADVERTENT DISCLOSURE OF CONFIDENTIAL MATERIAL BY RECEIVING PARTY

19.     If a Receiving Party learns that it has inadvertently disclosed Confidential Material to any person or disclosed Confidential Material in any circumstance not authorized by this Stipulated Protective Order, the Receiving Party shall, as soon as is practicable but no later than within five (5) business days: (i) notify in writing the Designating Party of the unauthorized

13

disclosure; (ii) use its best efforts to retrieve all copies of the Confidential Material; and (iii) inform the person or persons to whom unauthorized disclosure was made, to the extent the person or persons are identifiable, of all the terms of this Stipulated Protective Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A. If Confidential Material is used inadvertently during depositions in contravention of other provisions of this Stipulated Protective Order, the Confidential Material will not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If such Confidential Material is inadvertently disclosed to a deposition witness, upon initial presentation to the deposition witness, the Producing Party shall have an opportunity to object, however, if the Producing Party fails to object and the witness testifies concerning the inadvertently disclosed Confidential Material, the witness may be examined and cross-examined with respect to the inadvertently disclosed Confidential Material for the remainder of the deposition provided that such testimony shall be deemed Confidential Material.

## IX.   OBLIGATIONS TO NON-PARTIES

20.     If otherwise discoverable information sought in a discovery request implicates a Producing Party's obligation to a Non-Party not to disclose such information, the Producing Party shall:

20.1    Timely serve a written objection to the production of such information on the basis of its obligation to a Non-Party not to disclose the information;

20.2    Within seven days of serving such written objection, the Receiving Party shall exercise reasonable efforts to provide the Non-Party written notice (with a copy to all counsel of record in this matter) of the pending request and a copy of this Protective Order;

14

20.3    If the Non-Party does not object to the disclosure of information within seven (7) days from which the written notice of the pending request was sent by the Receiving Party, or such additional time as may be required by an obligation the Producing Party has to the Non-Party, the Producing Party shall produce the materials (subject to any appropriate designations under the terms of this Protective Order); or

20.4    If the Non-Party does object to the disclosure of information, the Producing Party shall within seven (7) days of the Non-Party's objection either (A) produce the materials (subject to any appropriate designations under the terms of this Protective Order or stipulated between the Parties to the Action) or (B) file an appropriate motion (e.g. to quash or for a protective order or modification thereof) for relief from the Court, in which case no disclosure shall be made or required unless disclosure is ordered by the Court;

20.5    Notwithstanding the foregoing, nothing in this Paragraph prohibits, hinders, or otherwise affects any Party's ability to raise any objections on any basis to requests for discovery.

## X.    INFORMATION FROM NON-PARTY SOURCES

21.    To the extent that any discovery requests are served on a Non-Party, the Party serving the discovery request(s) shall, at the time of service, provide the Non-Party with a copy of this Stipulated Protective Order. A Non-Party may designate Confidential Material pursuant to the provisions of this Stipulated Protective Order. Documents produced in this Action by Non-Parties that consist of or contain portions of documents originally created or generated by a Party will be treated as Confidential until the expiration of a thirty (30) day period after the production in this Action. During that thirty (30) day period, if any Party believes a Non-Party has produced information from that Party that the Party believes should be designated as Confidential, that Party

15

may notify the Non-Party and the other Parties that the Non-Party may have inadvertently failed to designate the information as Confidential. The Non-Party may then correct the designation as provided in Paragraph VII. Nothing in this Paragraph prevents a Party from treating documents produced by Non-Parties that are publicly available as Non-Confidential Material during the 30-day period.

22.     Furthermore, the Parties agree to meet and confer about the use of specific documents produced by Non-Parties if, during the 30-day review/notification period (discussed above), one of the Parties would like to use such documents for a deposition, briefing, or other time-sensitive use.

## XI.     FILING CONFIDENTIAL MATERIAL WITH THE COURT

23.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with Local Rule 7.2.

## XII.     NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES

24.     No subpoenas (for depositions or documents) need be served on any Rule 26(a)(2)(B) or Rule 26(a)(2)(C) expert in this case. Instead, the Party or Parties retaining such an expert will make him or her available for deposition at a time mutually agreed to by the Parties. In addition, the Party or Parties retaining an expert from whom a report is provided will make all requisite disclosures at the time of service.

25.     The below-listed categories of documents, recording media, and communications need not be disclosed by any Party and an Expert may not be examined at deposition, hearing, or

trial on the contents of the below-listed categories of documents, recording media, and communications: (i) any notes or other writings taken or prepared by or for an Expert witness in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including (a) written correspondence or memoranda to or from, and notes of conversations between and among the expert witness and: (1) the Expert's assistants and/or support staff; (2) other Expert witnesses or non-testifying expert consultants, including their staffs, or; (3) attorneys for the Party or Parties, including their staffs, and/or (b) copies of materials produced by any Party in this Action bearing the notes, markings, or comments of the Expert, the Expert's assistants and/or support staff, other Expert witnesses or non-testifying Expert consultants (including their staffs), or attorneys for the Party or Parties (including their staffs); (ii) any draft reports, draft studies, draft work papers, draft declarations, or other draft materials prepared by, for, or at the direction of an Expert witness, regardless of the form in which the draft is recorded; and (iii) any oral or written communication between and among an Expert witness and the Expert's respective assistants and/or support staff, other Expert witnesses or non-testifying Expert consultants (including their staffs), or attorneys for the Party or Parties (including their staffs), regardless of the form of the communications, except to the extent the communications relate to compensation for the Expert's work, the scope of the Expert's assignment, assumptions the Expert was asked to make, or the identity and source(s) of facts or data provided to the Expert and that the Expert considered in forming the opinions to be expressed. Nothing in this paragraph shall limit the scope of information otherwise protected from disclosure by Rule 26(b)(4).

26.     The foregoing exclusions from discovery set forth in subparagraph (B) do not apply to any communications, documents, data sets, or analyses upon which an Expert relies as a basis for his or her ultimate opinion.

## A.   Further Application.

27.    Nothing in this Stipulated Protective Order precludes any Party, or any Non-Party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need arises during this Action. The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Stipulated Protective Order, during the pendency of this Action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

### XIII.   MODIFICATION BY THE COURT OR THE PARTIES

28.    The Court retains the right to modify this Stipulated Protective Order. Furthermore, nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Stipulated Protective Order for good cause.

### XIV.   USE BY PARTY OF ITS OWN MATERIALS

29.    Nothing in this Stipulated Protective Order prevents a Party from using its own Confidential Materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a Party of its own Confidential Material will constitute the Party's waiver of the designation of that document for its use by any Party in this Action.

### XV.   INADVERTENT DISLCOSURE

30.    **No Waiver by Inadvertent Disclosure.**  The inadvertent production of attorney-client privileged or work-product protected documents, electronically stored information ("ESI") or information ("Privileged Material") will not be deemed, in itself, to constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. When in conflict, the provisions of Federal Rule of Evidence 502(b) will be inapplicable to inadvertently produced Privileged Materials under this Order and the provisions of this Order will control.

31.     **Notification and Challenge.**   The inadvertent production of any document produced in this matter by any Designating Party, that such party or person later claims should have been withheld on grounds of an applicable privilege, including but not limited to the attorney-client privilege, work product doctrine, the joint defense or common interest privilege (an "Inadvertently Produced Privileged Document"), will not be deemed, in itself, to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Privileged Document or as to any other information relating thereto or on the same or related subject matters.  A party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document shall promptly notify any Receiving Party and provide within ten (10) business days of such notification sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.  Additionally, while it remains the burden of the Designating Party to take reasonable measures to ensure that privileged documents are not produced and to monitor its own productions, in the event that a Receiving Party discovers a document that they believe to be an Inadvertently Produced Privileged Document, the Receiving Party will promptly notify the Designating Party of what it believes to be the Inadvertently Produced Privileged Document (but no Receiving Party will be found in violation of this Order for failing to initially identify an Inadvertently Produced Privileged Document).  After being notified of an Inadvertently Produced Privileged Document, any Receiving Party must treat the material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

32.     In addition, within five (5) business days after a producing party notifies the Receiving Party of an inadvertently produced document as to which the producing party claims privilege, or after a Receiving Party alerts the producing party to a document that the receiving

19

party reasonably believes the producing party may have produced inadvertently, any Receiving Party must return, destroy, or sequester the specified document and any copies it has. The Designating Party must retain a copy of the document until the resolution or termination of this case, including any appeals. After a producing party notifies the Receiving Party of an inadvertently produced document as to which the producing party claims privilege, or after a Receiving Party alerts the producing party to a document that the Receiving Party reasonably believes the producing party may have produced inadvertently, a party shall, within ten (10) business days move the Court to consider whether the document(s) in question, is/are in fact covered by an applicable privilege or protection, and enter an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. Incident to making such a motion, the moving party may review the inadvertently produced document, and without publicly revealing the content of the document, explain to the Court why that party believes the document(s) is/are not entitled to any privilege or protection and request that the Court review the document(s) *in camera*. The party asserting the privilege shall file its opposition under seal and must submit a copy of the document in question for *in camera* review by the Court. In the event that no motion is made, or the Court upholds the claim of privilege, the Receiving Party shall return or destroy the specified document and any copies it has.

33. **Use of Inadvertently Produced Privileged Documents Before Discovery or Notification of Disclosure.** If the substance of any Inadvertently Produced Privileged Document that is either conceded by the Parties or subsequently determined by the Court to be protected is discussed in a deposition or pleading before discovery or notification of the disclosure, any Party may seek an Order from the Court that such testimony or discussion shall be stricken and not be

20

used for any purpose. However, if the privilege designation is successfully challenged, then any party may use the prior testimony.

34. **Attorney's Ethical Responsibilities**. Nothing in this Order overrides any attorney's ethical responsibilities concerning the inadvertent production of privileged materials, except that the parties agree that a party may review any inadvertently produced document solely for purposes of moving the Court to consider whether the document(s) in question, is/are in fact covered by an applicable privilege or protection without violating any ethical duty or responsibility. If the party in possession of an inadvertently produced document has no good-faith basis for asserting that the document is not privileged or otherwise protected and/or filing a motion, that party may not sequester the document and must, upon request by the producing party, return or destroy the document.

35. **Burden of Proving Privilege or Work-Product Protection**. The Designating Party retains the burden—upon challenge—of establishing the privileged or protected nature of the inadvertently produced material.

36. **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection pursuant to applicable law.

37. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## XVI. VIOLATIONS

38. The Court has jurisdiction to enforce this Stipulated Protective Order and to grant relief, as authorized by law or in equity, for any violations thereof.

**SO ORDERED.**

Dated:  _7-26-23._                              _Richard G. Stearns_

So stipulated and agreed to by the Parties:

DATED:  July 26, 2023

By:    /s/ Scott J. Tucker
Scott J. Tucker
William J. Fidurko
**TUCKER, DYER & O'CONNELL, LLP**
199 Wells Avenue
Newton, MA 02459
(617) 986-6226

By:    /s/ Peter D. St. Phillip
Peter D. St. Phillip (*pro hac vice*)
Uriel Rabinovitz (*pro hac vice*)
Renee Nolan (*pro hac vice*)
Charles Kopel (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
(914)997-0500

*Counsel for Plaintiff Premera Blue Cross and the Proposed Class*

By:    /s/ Joshua Barlow
Joshua Barlow, Esq., BBO #667472
**Arnold & Porter Kaye Scholer LLP**
200 Clarendon Street, 53rd Floor
Boston, MA 02116
Telephone: (617) 351-8052
joshua.barlow@arnoldporter.com

By:    /s/ Fred A. Kelly, Jr.
Fred A. Kelly, Jr., Esq., BBO #544046
**Arnold & Porter Kaye Scholer LLP**
200 Clarendon Street, 53rd Floor
Boston, MA 02116
Telephone: (617) 351-8051
fred.kelly@arnoldporter.com

By:    /s/ H. Tiffany Jang
       H. Tiffany Jang Esq., BBO #691380
       **Arnold & Porter Kaye Scholer LLP**
       200 Clarendon Street, 53rd Floor
       Boston, MA 02116
       Telephone: (617) 351-8053
       tiffany.jang@arnoldporter.com

       *Attorneys for Takeda Pharmaceutical
       Company Limited, Takeda
       Pharmaceuticals U.S.A., Inc., and
       Takeda Pharmaceuticals America, Inc.*

## EXHIBIT A

## DECLARATION UNDER STIPULATED PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL MATERIAL

I,_____ , am employed

by _____. I acknowledge and certify that:

      1.     I have read the Protective Order entered in the matter(s) of *Premera Blue Cross,*

*v. Takeda Pharmaceutical Company Limited, et al,* , U.S. Dist. Court for the Dist. of Mass., C.

A. Nos., 23-cv-11254, and agree to be bound by its terms; and

      2.     I agree to be subject to the jurisdiction of this Court for the sole purpose of having

the terms of the Protective Order enforced.

Date: _____          Signature: _____

                                 Address: _____

# EXHIBIT B

## In-House Counsel

Tim McMichael
Deputy General Counsel-Director of Litigation
Premera Blue Cross